FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2012 OCT -9 PM 2: 47

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE NO. 6:12-CV-1526-ORL-37-DAB

Wendy Gashlin,

    Plaintiff,

vs.

International Clinical Research - US, LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Wendy Gashlin (hereafter "Gashlin"), by and through counsel, hereby sues Defendant, International Clinical Research - US, LLC, (hereafter "ICR"), and alleges as follows:

### Nature of Action

1. This is an action for recovery of unpaid overtime compensation owed to Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA").

### Jurisdiction and Venue

2. Jurisdiction in this Court is proper as Plaintiff's claims are brought pursuant to the FLSA to recover unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon § 216(b) of the FLSA.

3. The acts and omissions that give rise to this action occurred in Seminole County, Florida. Venue is therefore proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b).

## Parties

4. At all times material hereto, Gashlin was a resident of Seminole County, Florida.

5. Gashlin was employed by ICR as a clinical nurse coordinator from June 2011 to September 18, 2012.

6. At all times material hereto, ICR was a Florida Limited Liability Company that engaged in business in Seminole County, Florida.

7. At all times material hereto, ICR employed two or more employees, including Plaintiff, who regularly were and are engaged in commerce, or worked on goods or materials that had been moved in or produced for commerce.

8. At all times material hereto, ICR had annual gross sales or business of no less than $500,000.00.

9. By reason of the foregoing, ICR was and is an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA.

10. At all times material hereto, ICR acted directly or indirectly in the interest of an employer in relation to Plaintiff. ICR was, therefore, Plaintiff's employer within the meaning of § 203(d) of the FLSA.

## General Factual Allegations

11. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 10 by reference.

12. As a clinical nurse coordinator, Gashlin's primary duty was the administration of medications to patients participating in pharmaceutical testing and the documentation of that process.

13. In the performance of these duties, Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

14. Plaintiff was compensated by ICR on an hourly basis.

15. Plaintiff worked in excess of forty (40) hours in most workweeks during the relevant period but did not receive any additional compensation for hours worked in excess of forty (40) per workweek.

16. ICR failed to maintain records that accurately reflect Plaintiff's working hours.

## COUNT I: FLSA (UNPAID OVERTIME COMPENSATION)

17. Plaintiff hereby incorporates the allegations set forth in Paragraph 1 through 16 by reference.

18. The FLSA requires that covered employers compensate nonexempt employees at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) per work week.

19. ICR, a covered employer, failed to pay Plaintiff, who was a nonexempt employee, overtime compensation in accordance with the FLSA's requirements.

20. By virtue of the foregoing, Plaintiff has been damaged in the loss of overtime wages, and she has incurred and will continue to incur costs and reasonable attorney's fees.

21. ICR failed to pay Plaintiff overtime compensation in bad faith and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

22. ICR's failure to pay overtime compensation in accordance with the FLSA's requirements was willful, as is evidenced by management's instruction to Plaintiff not to report

time worked over forty (40) hours per week. Consequently, the limitations period is extended from two (2) years to three (3) years.

WHEREFORE, Plaintiff demands judgment against ICR for compensatory damages (unpaid overtime compensation), liquidated damages and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

Plaintiff further demands trial by jury on all issues so triable.

Date:   October 5, 2012.

                              Respectfully submitted,

                              */s/ Jill S. Schwartz*
                              Jill S. Schwartz, Esquire
                              Florida Bar No. 523021
                              Kimberly D. Webb, Esquire
                              Florida Bar No. 0537306
                              Jill S. Schwartz & Associates, P.A.
                              180 North Park Avenue, Suite 200
                              Winter Park, Florida 32789
                              Telephone: (407) 647-8911
                              Facsimile: (407) 628-4994
                              Email: kwebb@schwartzlawfirm.net

                              Attorneys for Plaintiffs