# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

WENDY GASHLIN,

        Plaintiff,

v.                                    Case No. 6:12-cv-1526-Orl-37DAB

INTERNATIONAL CLINICAL
RESEARCH—US, LLC,

        Defendant.

# ORDER

This cause is before the Court on the following:

1. Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 30), filed March 21, 2014;

2. Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 35), filed April 21, 2014;

3. Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 37), filed May 8, 2014;

4. Plaintiff's Motion for Partial Summary Judgment, Incorporated Statement of Undisputed Facts, and Memorandum of Law (Doc. 31), filed March 21, 2014;

5. Defendant's Response to Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law (Doc. 36), filed April 23, 2014; and

6. Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment (Doc. 38), filed May 9, 2014.

**BACKGROUND**

Plaintiff initiated this Fair Labor Standards Act ("FLSA") case on October 9, 2012, seeking to recover unpaid overtime compensation from her former employer (Doc. 1), which is "a dedicated clinical research site that conduct[s] Phase II-IV clinical trials in different therapeutic areas for pharmaceutical and biotech industries." (Doc. 36, p. 22.) Plaintiff was employed by Defendant as a clinical research coordinator from June 2011 to September 2012. (Doc. 30, p. 14; Doc. 35-3, ¶ 4.) During that time, Plaintiff contends that she was compensated only for forty hours each week regardless of the additional hours that she worked. (Doc. 31-1, ¶¶ 8, 9, 12.) According to Plaintiff, her supervisor explicitly advised her she would not get paid unless she turned in time sheets reflecting only forty hours of work each week because Defendant would not pay overtime. (*Id.* ¶ 11.) Defendant denies Plaintiff's allegations. (Doc. 12; Doc. 36, pp. 9–13.)

Defendant filed a motion for summary judgment on the ground that Plaintiff's employment "was not covered by the FLSA." (Doc. 30.) Plaintiff filed a motion for partial summary judgment "on the issues of FLSA coverage, liability, and entitlement to liquidated damages." (Doc. 31, p. 2.) The parties filed timely responses (Docs. 35, 36) and replies (Docs. 37, 38), and the motions are now ripe for adjudication.

**STANDARDS**

**I.      Summary Judgment**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant carries her burden by showing that there is an absence of evidence supporting the non-movant's case. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). The burden then shifts to the non-movant, who

2

must go beyond the pleadings and present affirmative evidence to show a genuine issue for trial. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). Affidavits submitted in relation to a summary judgment motion must be "based on personal knowledge and must set forth facts that would be admissible under the Federal Rules of Evidence." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314–15 (11th Cir. 2011).

A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict" for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Which facts are material depends on the underlying substantive law. *Id.* The Court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the non-movant. *Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). However, "[a] court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

## II. FLSA

The FLSA "requires employers to pay their employees time and a half for all the work they do over forty hours a week." *Arilus v. Diemmanuele*, 522 F. App'x 881, 882 (11th Cir. 2013) (citing 29 U.S.C. § 207(a)(1)). To prevail on a claim for unpaid overtime, a plaintiff must prove: "(1) the existence of an employment relationship"; (2) that she was an employee "engaged in commerce" ("individual coverage") or was "employed by an 'enterprise' engaged in commerce" ("enterprise coverage");[1] (3) that the defendant

---

[1] "Enterprise coverage" may subject an employer to FLSA liability so long as the defendant has "at least two employees engaged in interstate commerce . . . [and has]

3

"failed to pay overtime compensation required by the FLSA"; and (4) that she "is owed the amount claimed by a just and reasonable inference." *Blanchard v. Dana Enters.*, No. 8:10-cv-1191-T-24, 2011 WL 3236036, at *1 (M.D. Fla. July 28, 2011) (quoting *Buckley v. Hoofnagle*, No. 6:07–cv–752–Orl–22DAB, 2008 WL 4459047, at *3 (M.D. Fla. Oct. 3, 2008) (internal quotation marks omitted)).

A plaintiff establishes individual FLSA coverage by producing evidence that she was (1) engaged in commerce or (2) engaged in the production of goods for commerce during her employment with the defendant. *See Josendis*, 662 F.3d at 1316 (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)); *see also* 29 U.S.C. § 207(a)(1). "Commerce" is defined under the FLSA as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). Further, under applicable regulations, regular and recurrent interstate communications may satisfy the individual commerce requirement:

> [S]ince "commerce" as used in the Act includes not only "transmission" of communications but "communication" itself, employees whose work involves the *continued use* of the interstate mails, telegraph, telephone or similar instrumentalities for communication across State lines are covered by the Act. This does not mean that any use by an employee of the mails and other channels of communication is sufficient to establish coverage. But if the employee, *as a regular and recurrent part of his duties*, uses such instrumentalities in obtaining or communicating information or in sending or receiving written reports or messages, or orders for goods or services, or plans or other documents across State lines, he comes within the scope of the Act as an employee directly engaged in the work of "communication" between the State and places outside the State.

29 C.F.R. § 776.10 (emphasis added); *see also Hines v. Detail Dynamics, Inc.*,

---

gross sales of at least $500,000 in sales annually." *Josendis*, 662 F.3d at 1317 (citing 29 U.S.C. § 203(s)(1)(A)(i)–(ii)); *see also Martinez v. Palace*, 414 F. App'x 243, 245 (11th Cir. 2011). Here, Plaintiff concedes that enterprise coverage is inapplicable. (Doc. 35, pp. 4–5 ("Gashlin does not contest the issue of enterprise coverage at this time.").)

4

No. 6:09-cv-1116-Orl-28DAB, 2011 WL 1060985, at *2 (M.D. Fla. Mar. 1, 2011) (citing 29 C.F.R. § 776.9). Indirect or sporadic engagement in interstate commerce is insufficient; rather:

> [F]or an employee to be "engaged in commerce" under the FLSA [she] must be directly participating in the actual movement of persons or things in interstate commerce by . . . regularly using the instrumentalities of interstate commerce in [her] work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne*, 448 F.3d at 1266; *see also Martinez v. Palace*, 414 F. App'x 243, 244–45 (11th Cir. 2011). In determining individual coverage, the Court's focus must be on the employee's "activities, rather than the general nature of his employer's business." *Johnston v. Spacefone Corp.*, 706 F.2d 1178, 1180 (11th Cir. 1983); *see also Griffiths v. Parker*, No. 13-61247-CIV, 2014 WL 2095205, at *2 (S.D. Fla. May 19, 2014); *Lopez v. Pereyra*, No. 09-60734-CIV, 2010 WL 335638, at *5 (S.D. Fla. Jan. 29, 2010) (citing *Overstreet v. N. Shore Corp.*, 318 U.S. 494, 498 (1943)).

## DISCUSSION

Both parties raise the issue of whether Plaintiff was entitled to "individual coverage" under the FLSA during her employment with Defendant. (Doc. 30, pp. 8–12 (arguing that Plaintiff "cannot establish individual coverage"); Doc. 31, pp. 6–8 (arguing that Plaintiff "met the requirements for individual coverage").) Defendant contends that summary judgment in its favor is required because Plaintiff "has not established that she used the instrumentalities of interstate commerce on a regular and recurrent basis and because the undisputed material facts do not establish that she was engaged in the production of goods for commerce." (Doc. 37, p. 2.) Plaintiff counters that individual coverage applies based on the "undisputed evidence" that: (1) her job description included a requirement that she interact with foreign study sponsors; and (2) she

"regularly and on a recurrent basis utilized mail, Federal Express, and telephones to engage in communication and the transmission of communication between States." (Doc. 35, pp. 6–7.)

The Court finds that the evidence presents a question of fact concerning whether Plaintiff's travel and her use of mail, Federal Express, and telephones was sufficiently "regular and recurrent" to establish individual coverage under the FLSA. For instance, in her affidavits, Plaintiff avers that her work required her to submit records and reports to foreign pharmaceutical companies and study monitors at their locations outside of Florida.[2] (Doc. 35-3, ¶ 8.) Plaintiff avers that she spoke with foreign study monitors on the phone "on an average of two or three times a week" (*id.* ¶¶ 9–10) and that she transported x-rays and blood samples to the Federal Express facility to be shipped out of Florida three to four times every month. (*Id.*; Doc. 31-1, ¶ 14; Doc. 30-1, pp. 107–09.) Plaintiff also notes that her work required her to travel outside of Florida. (Doc. 30-1, p. 65.)

Defendant does not dispute that Plaintiff travelled out of Florida two times for work; however, Defendant does dispute Plaintiff's remaining averments. (Doc. 30-1, pp. 65; Doc. 36, p. 22.) For instance, Defendant provides the affidavit of Plaintiff's supervisor, Harold Casteel, Jr., to dispute that Plaintiff regularly mailed correspondence and blood to foreign addresses. (Doc. 36, p. 23.) According to Casteel, such items were "rarely" mailed out of state because "monitors" were "selected by study partners" based on their "proximity to [a] clinical research site" such as Defendant. (*Id.* at 23–24.) Further, Casteel avers that Plaintiff's telephone communications were "sporadic" at

---

[2] Plaintiff submitted evidence that all of Defendants' clients were foreign entities with addresses outside of Florida. (Docs. 35-1, 35-2.)

6

best; however, Defendant submitted no business or phone records to the Court establishing that Plaintiff's allegations concerning her conduct in commerce are untrue or exaggerated. (*See id.* at 23.) Accordingly, a question of fact exists for the jury concerning the applicability of individual coverage under the FLSA. *See Lopez*, 2010 WL 335638, at *6–7 (finding a question of fact as to individual coverage under the FLSA where the plaintiff submitted an affidavit concerning "regular" use of phones and facsimiles, and the defendant failed to provide the court "with any telephone records, invoices or patient information that would" permit a conclusion that the plaintiff's phone and fax use were only sporadic).[3]

Because a question of fact exists concerning whether Plaintiff's employment is covered by the FLSA, and the record evidence is in dispute, neither party is entitled to summary judgment on the issue of FLSA coverage, and Plaintiff is not entitled to summary judgment as to liability or entitlement to liquidated damages. *See Cusumano v. Maquipan Int'l, Inc.*, 390 F. Supp. 2d 1216, 1221 (M.D. Fla. 2005) (denying the plaintiff's motion for partial summary judgment on overtime pay claim); *see also Fazzie v. RAMM of Cent. Fla.*, No. 6:06-cv-210-Orl-KRS, 2008 WL 203419, *5–6 (M.D. Fla.

---

[3] *See also Griffiths*, 2014 WL 2095205, at *3 (holding that plaintiff's affidavit concerning her regular use of the phone and mail at work was sufficient to raise a question of fact as to individual coverage under the FLSA); *Whineglass v. Smith*, No. 8:11-cv-2784-T-23TGW, 2013 WL 2237841, at *14 (M.D. Fla. May 21, 2013) (holding that the "plaintiff's affidavit that he regularly placed orders for eyeglass lenses with an out-of-state company is sufficient to create a genuine issue of material fact" concerning individual coverage); *Harper v. Coates-Clark Orthopedic Surgery & Sports Med. Ctr., LLC*, No. 3:05-cv-166-J-MCR, 2006 WL 1319447, at *3 (M.D. Fla. May 15, 2006) (finding a question of fact concerning individual coverage based on the plaintiff's sworn statements that she daily used the phone and fax to verify patient insurance information and order goods from outside Florida). *But see Curry v. High Springs Family Practice & Diagnosis Ctr., Inc.*, No. 1:08-cv-0008-MP-AK, 2009 WL 3163221, at *3–4 (N.D. Fla. Sept. 30, 2009) (holding that individual coverage did not apply to doctor's assistant at walk-in clinic where phone records "showing a total of forty-three outgoing calls or faxes" evidenced only sporadic engagement in commerce).

7

Jan. 23, 2008) (denying summary judgment on overtime pay claim where time cards submitted by the plaintiff conflicted with the plaintiff's averments regarding hours worked). Indeed, the issue of liquidated damages is not even ripe for consideration. *Cusumano*, 390 F. Supp. 2d at 1222–23 (denying summary judgment as to liquidated damages as premature "in the absence of a determination of an FLSA violation").

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 30) is **DENIED**.

2. Plaintiff's Motion for Partial Summary Judgment, Incorporated Statement of Undisputed Facts, and Memorandum of Law (Doc. 31) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 7, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record